## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GENE GILBERT ELLIS,

    Plaintiff,

    v.                             No. CIV 15-CV-00848-JCH-KBM

GERMAN FRANCO, *Warden*,
VINCE VIGIL, *Housing Unit 2B Manager*,

    Defendants.

### MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. [Doc. 1]   Also before the Court are Plaintiff's motions to amend the complaint [Docs. 7, 11] and Supplemental Informations [Docs. 16, 17, 20, 21], which the Court construes as motions to supplement the complaint pursuant to Fed. R. Civ. P. 15(d).   Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.   For the reasons set out below, Plaintiff's motions to amend will be denied as moot and his motions to supplement the complaint will be granted.   The Court will dismiss Plaintiff's Fourteenth Amendment due process claims, but concludes that Plaintiff's Eighth Amendment cruel and unusual punishment and First Amendment retaliation claims survive scrutiny under § 1915(e)(2) and rule 12(b)(6).

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to

state a claim on which relief may be granted."   The Court also may dismiss a complaint

*sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a

claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and

allowing him an opportunity to amend his complaint would be futile."   *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human

Services*, 925 F.2d 363, 365 (10th Cir. 1991)).   A plaintiff must allege "enough facts to

state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the

same legal standards applicable to pleadings drafted by counsel but liberally construes the

allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff filed his original civil rights complaint pursuant to 42 U.S.C. § 1983

against Defendants German Franco, Warden of the Penitentiary of New Mexico (PNM),

and Vince Vigil, Housing Unit 2B Unit Manager at PNM, on September 23, 2015.   [Doc.

1]   Plaintiff's original complaint alleges that Defendants Franco and Vigil failed to protect

him against threats of physical assault from other inmates, in violation of his Eighth

Amendment right to be free from cruel and unusual punishment, and failed to respond to

his informal complaints and formal grievances, in violation of the Due Process Clause of

the Fourteenth Amendment.   Plaintiff's complaint seeks declaratory and injunctive relief.

On September 28, 2015, Plaintiff filed a Motion for Leave to File an Amended

Complaint.   [Doc. 7]   In his motion, Plaintiff states that he wishes to amend his complaint

in the following manner: (1) to request court costs, attorney's fees, and nominal damages;

(2) to challenge revised prison policies that affect his safety and security; (3) to request an injunction barring placement in any facility that does not accommodate inmates in protective custody; (4) to add additional defendants and recent incidents of personal injury. [Doc. 7]

On October 15, 2015, Plaintiff filed a second Motion for Leave to File an Amended Complaint [Doc. 11], with a proposed amended complaint attached to his motion pursuant to D.N.M.LR.-Civ. 15.1.   Plaintiff's proposed amended complaint is similar to his original complaint, in that it raises Eighth Amendment and Fourteenth Amendment claims against Defendants Franco and Vigil, but it also seeks to bring these claims against two additional defendants, Alisha Tafoya-Lucero, Deputy Warden at PNM, and Colleen McCarney, Classification Bureau Chief.   [Doc. 11]   In addition to seeking injunctive and declaratory relief, Plaintiff's proposed amended complaint seeks compensatory damages, punitive damages, court costs and fees.   [Doc. 11 at 13-14]

Pursuant to Fed. R. Civ. P. 15(a)(1)(A), Plaintiff may amend his complaint "once as a matter of course"  Fed. R. Civ. P. 15(a)(1)(A).  Because Plaintiff does not need the permission of the Court to file an amended complaint at this stage of the proceedings, the Court will deny his Motions for Leave to File an Amended Complaint [Docs. 7, 11] as moot.  The Court will construe the proposed amended complaint attached to Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 11] together with the original complaint filed on September 23, 2015 [Doc. 1] as the operative amended complaint.   The Clerk of the Court will be directed to add Defendants Tafoya-Lucero and McCarney to the

caption as Defendants.

In addition to the amended complaint [Docs. 1, 11], Plaintiff has filed various documents entitled "Supplemental Information," which seek to add additional facts in support of his Eighth Amendment and Fourteenth Amendment claims and to add an additional defendant.   [Docs. 16, 17, 20, 21]   Plaintiff's supplemental informations also allege that he has been subjected to retaliation by Defendant Vigil as a consequence of filing the present civil rights action.   [Docs. 16, 17]   Because Plaintiff seeks to add additional "transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented," the Court will construe his supplemental informations as motions to supplement the amended complaint under Fed. R. Civ. P. 15(d).   "Rule 15(d) gives the trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events."   *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001).   "Such authorization should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants."   *Id.* (internal quotation marks omitted).   The Court will grant Plaintiff's motions to supplement the complaint [Docs. 16, 17, 20, 21] and the Clerk of the Court will be directed to add Captain Hector Cardenas to the caption as a defendant.

Plaintiff's amended and supplemented complaint [Docs. 1, 11, 16, 17, 20, 21] alleges that Defendants' failure to respond to his informal complaints and formal grievances violates his Fourteenth Amendment right to due process of law.   However, "there is no independent constitutional right to state administrative grievance procedures"

4

and "the state's voluntary provision of an administrative grievance process [does not] create a liberty interest in that process." *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished). "Instead, '[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.'" *Id.* (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam)). Therefore, Defendants' alleged violations of the administrative grievance process fail to state a claim for relief under the Fourteenth Amendment due process clause.

In his supplemental information dated November 16, 2015, Plaintiff alleges that he is "being denied meaningful access to the courts" because "he is not being allowed to contact his attorney by telephone." [Doc. 20 at 1-2] "The Due Process Clause of the Fourteenth Amendment guarantees state inmates the right to 'adequate, effective, and meaningful' access to the courts." *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993) (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977)). However, "to state a claim for denial of access to the courts, [the plaintiff] must allege that any denial or delay of access to the court prejudiced him in his pursuit of litigation." *Farrell v. Campbell*, 6 F. App'x 830, 831 (10th Cir. 2001) (unpublished). That is, Plaintiff must allege the existence of an actual injury, i.e., that the denial of attorney telephone calls has hindered his "efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 94 F.3d 1403 (10th Cir. 1996). Because Plaintiff's amended supplemented complaint fails to allege the existence of an actual injury, Plaintiff's Fourteenth Amendment due process claim will be dismissed.

Plaintiff's amended and supplemented complaint states a plausible claim for relief against Defendants for failure to protect him against threats of violence in violation of his Eighth Amendment right to be free from cruel and unusual punishment.  *See Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001) ("[I]n order to establish a cognizable Eighth Amendment claim for failure to protect, a plaintiff 'must show that he is incarcerated under conditions posing a substantial risk of serious harm,' the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component.") (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).   It also states a plausible claim for relief against Defendant Vigil for retaliation in violation of the First Amendment.  *See Smith v. Maschner*, 899 F.2d 940, 947-48 (10th Cir. 1990) ("Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts" and "[t]his principle applies even where the action taken in retaliation would be otherwise permissible").   Therefore, the Court will direct the Clerk of the Court to issue notice and waiver of service forms, along with a copy of the amended and supplemented complaint [Docs. 1, 11, 16, 17, 20, 21] and this Order, to Defendants Franco, Vigil, Tafoya-Lucero, McCarney, and Cardenas.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 7] and second Motion for Leave to File an Amended Complaint [Doc. 11] are DENIED AS MOOT and the Clerk of the Court is directed to add Defendants Tafoya-Lucero and McCarney to the caption as defendants;

IT IS FURTHER ORDERED that Plaintiff's supplemental informations [Docs. 16,

17, 20, 21], which the Court construes as motions to supplement the complaint, are GRANTED and the Clerk of the Court is directed to add Defendant Cardenas to the caption as a defendant;

IT IS FURTHER ORDERED that Plaintiff's Fourteenth Amendment due process claims are DISMISSED;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to issue notice and waiver of service forms, with a copy of the amended and supplemented complaint [Docs. 1, 11, 16, 17, 20, 21] and this Order, to: (1) Defendants Franco, Tafoya-Lucero, and Cardenas at PNM, P.O. Box 1059, Santa Fe, NM 87504; (2) Defendant Vigil[1] at Roswell Correctional Center, 578 W. Chicksaw Road, Hagerman, NM 88232; and (3) Defendant McCarney at the New Mexico Corrections Department, P.O. Box 27116, Santa Fe, NM 87502.

_____
UNITED STATES DISTRICT JUDGE

---

1 According to Plaintiff's Suplemental Information filed on November 16, 2015, Defendant Vigil "has been promoted to Warden of the Roswell Correctional Center."   [Doc. 20]