IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


GENE G. ELLIS,

        Plaintiff,

vs.                                              No. CV 15-848 JCH/KBM

GERMAN FRANCO, et al.,

        Defendants.


**MEMORANDUM OPINION AND ORDER DENYING MOTIONS AND DISMISSING CLAIMS FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTIVE RELIEF**

THIS MATTER is before the Court on the Plaintiff, Gene G. Ellis's Amended Complaint (Doc. 11), Motion for Emergency Preliminary Injunction (Doc. 3), Motion for Emergency Temporary Restraining Order (Doc. 4), Motion for Emergency Temporary Restraining Order (Doc. 14), Motion for Emergency Preliminary Injunction (Doc. 15), Motion for Emergency Hearing (Doc. 22), Motion for Temporary Restraining Order (Doc. 47), Motion for Order Granting Plaintiff's Preliminary Injunction (Doc. 48), and Motion for Preliminary Injunction (Doc. 49). The Court denies Plaintiff's Motions and dismisses Plaintiff's claims for a temporary restraining order and preliminary and permanent injunctive relief as moot based on Plaintiff's transfer to a different facility.

Plaintiff filed his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on September 22, 2015. (Doc. 1). Plaintiff subsequently sought leave to amend his Complaint to add parties and modify his claims, which was granted by the Court on December 8, 2015. (Doc. 11, 25).

Plaintiff's Amended Complaint (Doc. 11 at 2-40) together with his original Complaint (Doc. 1) form the operative complaint for purposes of this case. (Doc. 25 at 3).  Plaintiff's Amended Complaint alleges that Penitentiary of New Mexico ("PNM") Warden German Franco, Deputy Warden Alisha Tafoya-Lucero, Unit Manager Vince Vigil, Captain Hector Cardenas, and Classification Bureau Chief Colleen McCarney failed to protect him against violence by other inmates and provide him with safe housing at PNM in violation of his Eighth and Fourteenth Amendment rights. (Doc. 11 at 2-4).  In his Amended Complaint, Plaintiff seeks an emergency preliminary injunction, a permanent injunction, and an emergency temporary restraining order. (Doc. 11 at 13, ¶ 65- 14, ¶ 67).  Plaintiff has also filed multiple motions for temporary and preliminary restraining orders and injunctive relief.  (Doc. 3, 4, 14, 15, 22, 47, 48, and 49).

      The Court entered an Order and an Amended Order, ordering the Defendants to file a limited *Martinez* Report addressing Plaintiff's claims for temporary, emergency, and injunctive relief.  (Doc. 26, 32).  Defendants were granted an extension of time and the Limited *Martinez* Report on Behalf of Defendants Franco, Vigil, Tafoya-Lucero, McCarney and Cardenas (Doc. 46) was timely filed on January 22, 2015.  Although Plaintiff was ordered to respond by February 15, 2016, Plaintiff's Response to Defendants Limited *Martinez* Report (Doc. 55) was not filed until March 21, 2016.  The delay was apparently because Plaintiff did not receive a copy of the Limited *Martinez* Report until March 7, 2016 due to transfer to a different facility. (Doc. 55 at 2-3).  Plaintiff's Response to the Limited *Martinez* Report states that Plaintiff was transferred from PNM to the Southern New Mexico Correctional Facility on January 27, 2016. (Doc. 55 at 10, ¶ 12). The Court treats the Response as timely.

      Plaintiff Ellis is proceeding pro se and *in forma pauperis*.  The Court has the discretion to dismiss an *in forma pauperis* complaint, in whole or in part, *sua sponte* for failure to state a

2

claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). The court may dismiss a complaint for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual

3

allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

A prisoner plaintiff may not maintain § 1983 claims for temporary, preliminary, or permanent injunctive relief based on conditions of incarceration if the plaintiff is no longer housed at the facility. *See Green v. Branson,* 108 F.3d 1296, 1300 (10th Cir.1997); *White v. State,* 82 F.3d 364, 366 (10th Cir.1996). Once a prisoner is released from the prison facility, injunctive relief would have no effect on defendants' behavior and, therefore, injunctive relief is moot. *Green,* 108 F.3d at 1300; *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010). The rule that injunctive relief becomes moot applies both where the prisoner is released from prison and where the prisoner is transferred to a different prison facility. *See Love v. Summit County,* 776 F.2d 908, 910 n. 4, 912 (10th Cir.1985).

Plaintiff's Response to the Limited *Martinez* Report establishes that Plaintiff has been transferred and is no longer housed at PNM. (Doc. 55 at 10, ¶ 12). Therefore, he is no longer subject to the conditions he alleges as the basis of his Amended Complaint, and any order for injunctive relief directed against the PNM Defendants would have no effect. *Green,* 108 F.3d at 1300. Plaintiff's claims for temporary, preliminary, and permanent injunctive relief are moot and, under the § 1915(e)(2)(B) standard, no longer state a claim for relief. *Abdulhaseeb*, 600 F.3d at 1311.

The claims for injunctive relief in Plaintiff's Amended Complaint will be dismissed and his motions for temporary, preliminary, and permanent restraining orders and injunctions will be denied as moot based on his transfer to a different prison facility. However, the transfer to a different facility does not moot Plaintiff's claims for damages. *Green,* 108 F.3d at 1300. This dismissal of his claims for injunctive relief is without prejudice to Plaintiff's claims for damages.

IT IS ORDERED:

(1) Plaintiff's claims in his Amended Complaint for an emergency preliminary injunction, a permanent injunction, and an emergency temporary restraining order (Doc. 11 at 13, ¶ 65- 14, ¶ 67) are DISMISSED without prejudice to his damages claims; and

(2) Plaintiff's Motion for Emergency Preliminary Injunction (Doc. 3), Motion for Emergency Temporary Restraining Order (Doc. 4), Motion for Emergency Temporary Restraining Order (Doc. 14), Motion for Emergency Preliminary Injunction (Doc. 15), Motion for Emergency Hearing (Doc. 22), Motion for Temporary Restraining Order (Doc. 47), Motion for Order Granting Plaintiff's Preliminary Injunction (Doc. 48), and Motion for Preliminary Injunction (Doc. 49) are DENIED as moot.

                                                   _____
                                                   UNITED STATES DISTRICT JUDGE