IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENE G. ELLIS,

        Plaintiff,

v.                                                                                                  CIV 15-0848 JCH/KBM

GERMAN FRANCO, et al.,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's Motions for the Appointment of Counsel, (*Docs. 8, 9, 28, 34, 37, 44* & *56*), Motions to Provide Supplemental Information, (*Docs. 34, 37* & *44*), Motion for the Validation of Documentation filed by Defendant Vince Vigil, (*Doc. 51*), Motion for Order Demanding Disclosure of *Martinez* Report/Supplemental Information, (*Doc. 52*), and Declarations for Entry of Default, (*Docs. 54, 59* & *60*). District Judge Judith Herrera referred this matter to me on September 29, 2015, for a recommended disposition. *Doc. 6*. Having considered the parties' submissions and relevant law, the Court recommends that Plaintiff's Motions to Provide Supplemental Information be GRANTED and that the remainder of the relief Plaintiff requests be DENIED.

## BACKGROUND

Plaintiff filed his Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on September 23, 2015. *Doc. 1*. Plaintiff subsequently amended and supplemented his Complaint. *Docs. 11, 16, 17, 20* and *21*. Plaintiff's Amended Complaint alleges that Penitentiary of New Mexico ("PNM") Warden German Franco, Deputy Warden Alisha

Tafoya-Lucero, Security Captain Hector Cardenas, Unit Manager Vince Vigil, and New Mexico Corrections Department Classification Bureau Chief Colleen McCarney failed to protect him against violence by other inmates in violation of his Eighth Amendment rights. *See Doc. 11* at 2-14; *see also Doc. 25* at 6. Plaintiff further alleges that Unit Manager Vigil retaliated against him in violation of the First Amendment after Plaintiff filed the present lawsuit. *See Docs. 16, 17*; *see also Doc. 25* at 4, 6.

In addition to his claims for damages, Plaintiff sought a temporary restraining order as well as preliminary and permanent injunctive relief which would require Defendants to transfer him into protective custody. *See Doc. 11* at 13-14. In order to address these claims, the Court ordered the Defendants to produce a limited *Martinez* Report. *See Doc. 26*. Defendants filed their limited *Martinez* Report on January 22, 2016, and Plaintiff filed his Response on March 21, 2016. *See Docs. 46, 55.* In his Response, Plaintiff informed the Court that he was transferred to the Southern New Mexico Correctional Facility. *Doc. 55* at 10. Accordingly, Plaintiff's claims for injunctive relief were dismissed by presiding District Judge Herrera without prejudice to his damages claims. *Doc. 57*.

The present motions seek a variety of relief – the appointment of counsel, further supplementation of the Complaint, validation of a document filed by one of the Defendants, the disclosure of Defendants' *Martinez* report, and the entry of Default as to the Defendants. The Court addresses each issue in turn.

## ANALYSIS

**A) The Court should deny Plaintiff's Motions for the Appointment of Counsel at this time.**

In his Motions for the appointment of counsel *(Docs. 8, 9, 28, 34,*[1] *37, 44 & 56)*, Plaintiff asserts that: he is indigent, the issues in this case are complex, he has limited access to the law library and limited knowledge of the law, counsel could better enable him to present evidence and cross-examine witnesses should this case proceed to trial, and he has attempted to obtain counsel, to no avail. *See, e.g.*, *Doc. 8*. For their part, Defendants do not oppose Plaintiff's request for the appointment of counsel. *Doc. 58*.

The Court concludes that appointment of counsel is not necessary at this time. Plaintiff has been granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under subsection (e)(1) of that statute, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, there is no automatic right to counsel in civil right cases under § 1983 even when the plaintiff is a prisoner in custody. *See, e.g.*, *Parker v. Bruce*, 109 F. App'x 317, 321 (10th Cir. 2004) (unpublished). Instead, whether to appoint counsel is a matter within the Court's "considerable discretion." *See McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985). Factors to be considered in deciding whether to appoint counsel include "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be

---

[1] The Court notes that Documents 34, 37 and 44 are all styled as Motions to supplement the Complaint, but also contain requests for the appointment of counsel. As explained below, the Court recommends denying the Motions insofar as they seek the appointment of counsel but granting them insofar as they seek to supplement the Complaint.

3

said in any case.'" *Steffey v. Orman,* 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Rucks,* 57 F.3d at 979).

District Judge Herrera has determined that Plaintiff's First and Eighth Amendment claims are plausible, *Doc. 25* (citing *Benefiled v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001); *Smith v. Maschner*, 899 F.2d 940, 948-48 (10th Cir. 1990)), and this Court finds that they are straightforward. Additionally, Plaintiff has shown the ability to present his claims without the aid of counsel. Plaintiff's complaint as supplemented is thorough, understandable, and documented, and his other filings demonstrate that Plaintiff has proved capable of presenting his claims at this juncture.

Moreover, the Court will require Defendants to submit a supplemental *Martinez* Report, in which they are to address Plaintiff's remaining claims for damages. Under *Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978), this Court may order Defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or a legal basis for determining whether a prisoner plaintiff has a meritorious claim. *See, e.g.*, *Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987); *Dickey v. Merrick*, 90 F. App'x 535, 537 (10th Cir. 2003) ("*Martinez* reports have been used in this circuit almost exclusively to provide the court preliminary information, furnished by prison administration personnel, in pro se cases brought by prisoners against prison officials.") (quoted authority omitted). Given that a supplemental *Martinez* Report will examine the factual underpinnings of Plaintiff's claims, the Court finds the appointment of counsel to be particularly inappropriate at this time. However, should this case proceed beyond the summary judgment stage, the Court will consider recommending a request for appointment of counsel for Plaintiff.

### B) The Court should grant Plaintiff's Motions to Supplement the Complaint (*Docs. 34, 37 & 44*).

Pending before the Court are three motions Plaintiff has filed pursuant to Federal Rule of Civil Procedure 15(d). *Docs. 34, 37 & 44*. Under Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In his first Motion, Plaintiff asserts that he was threatened by a fellow inmate upon his release from segregation. *Doc. 34* at 1. Plaintiff further details the mental instability he has suffered, allegedly resulting from Defendants' actions or inaction. *Id.* at 2. In his second Motion, Plaintiff discusses recent administrative actions taken by the New Mexico Department of Corrections, asserts that he is threatened with transfer to the Southern New Mexico Correctional facility "where inmates have recently been killed because of their conviction," and provides further detail about self-inflicted wounds he alleges are caused by Defendants' actions. *Doc. 37*. In his third Motion, Plaintiff discusses his participation in another lawsuit "involving the safety of inmates whom are convicted of sex offenses." *Doc. 44*.

Plaintiff's Motions are not technically perfect in that they do not exclusively seek to add post-complaint transactions, occurrences or events to the Complaint. However, "Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading[,]" and "[s]uch authorization 'should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants.'" *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (quoting *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989). As Defendants have not filed responses opposing Plaintiff's

5

Motions, the Court presumes that no such prejudice exists. Moreover, under this Court's Local Rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Accordingly, the Court recommends that Plaintiff's Motions to supplement the Complaint be granted.

### C) Plaintiff's Motion for the Validation of Documentation Filed by Defendant Vince Vigil (*Doc. 51*) should be denied as moot.

On February 8, 2016, Plaintiff filed a Motion based upon Defendant Vigil's waiver of service filing, alleging that Defendant Vigil altered the date in the fourth paragraph of that document. *See Docs. 43, 51*. Plaintiff asserts that because the other Defendants' waiver of service forms were issued on December 10, 2015, Defendant Vigil must have altered his form in an effort to manipulate the time limits in this case by changing the issue date to December 29, 2015. *Doc. 51*.

However, there was no alteration by Defendant Vigil. While it is true that the waiver of service form was originally sent to Defendant Vigil on December 10, 2015, it was returned as undeliverable. *Doc. 31*. Accordingly, Court staff re-issued the waiver of service form for Defendant Vigil on December 29, 2015. In other words, it was Court staff that altered Defendant Vigil's waiver of service form, not Defendant Vigil.

Regardless, as further discussed below, counsel for Defendant Vigil entered her appearance on January 14, 2016, and he responded along with the other Defendants to the Court's order requiring a limited *Martinez* report on January 22, 2016. Thus, because Defendant Vigil entered an appearance and defended this action within 60 days of December 10, 2015, Plaintiff's concern about the alteration of time limits is moot. For these reasons, Plaintiff's Motion for Validation should be denied.

6

### D) Plaintiff's Motion for Order Demanding Disclosure of Martinez Report/Supplemental Information (*Doc. 52*) should be denied as moot.

On February 8, 2016, Plaintiff filed a motion requesting "the Court order the Defendants to disclose to him the Court[']s prior ordered *Martinez* Report." *Doc. 52* at 1 (capitalization omitted). However, Defendants *Martinez* report was filed with the Court on January 22, 2016. *Doc. 46*. Accordingly, Plaintiff's Motion is moot, and should be denied as such.

### E) Plaintiff's Declarations for Entry of Default (*Docs. 54, 59 & 60*) should be denied.

After the Defendants filed their waiver of service forms and limited *Martinez* report Plaintiff filed three Declarations for Entry of Default. *See Docs. 54, 59* and *60*. In these filings Plaintiff asserts that Defendants were served on December 29, 2015, but have yet to file an Answer or otherwise defended this case. *Id.*

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). As a general matter, default judgments are disfavored, *Katzson Bros., Inc. v. U.S. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir.1988), and entry of a default judgment is committed to the sound, broad discretion of the trial court. *Dennis Garberg & Assocs., Inc. v. Pack–Tech Intern. Corp.*, 115 F.3d 767, 771 (10th Cir.1997). "The preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir.1970). "Default may be entered under Rule 55(a) only where a party has 'failed to plead or otherwise defend.'" *Lariviere, Grubman*

7

& *Payne, LLP v. Phillips*, 2008 WL 4097466, at *8 (D.Colo. Sept. 4, 2008) (unpublished).

Plaintiff's Motions would have this Court act as if Defendants have taken no action in this case. But this is simply not true. Defendants' filing of their limited *Martinez* report shows that they have "otherwise defended" this case, and the Court's order requiring the Defendants to file a limited *Martinez* report in response to Plaintiff's Motions for injunctive relief arguably obviated the need for Defendants to file a responsive pleading. The Court therefore recommends that Plaintiff's Declarations for Entry of Default be denied.

## CONCLUSION

With one exception, Plaintiff has failed to show entitlement to the relief requested in his filings.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the Court rule on the pending motions as follows:

1. DENY without prejudice Plaintiff's Motions seeking the appointment of counsel (*Docs. 8, 9, 28, 34, 37, 44 & 56*);

2. GRANT Plaintiff's Motions seeking to supplement the Complaint (*Docs. 34, 37 & 44*);

3. DENY as moot Plaintiff's Motion for the Validation of Documentation Filed by Defendant Vince Vigil (*Doc. 51*) and Plaintiff's Motion for Order Demanding Disclosure of *Martinez* Report/Supplemental Information (*Doc. 52*); and,

4. DENY Plaintiff's Declarations for Entry of Default (*Docs. 54, 59* and *60*).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE