UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

GENE G. ELLIS,

    Plaintiff,

v.                                                                          CIV 15-0848 JCH/KBM

GERMAN FRANCO et al.,

    Defendants.

## ORDER TO FILE A SUPPLEMENTAL *MARTINEZ* REPORT

    This *pro se* prisoner civil rights matter is before the Court *sua sponte.* Plaintiff filed his Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on September 23, 2015. *Doc. 1*. Plaintiff subsequently amended and supplemented his Complaint. *Docs. 11, 16, 17, 20 & 21*. Plaintiff's Amended Complaint alleges that Penitentiary of New Mexico ("PNM") Warden German Franco, Deputy Warden Alisha Tafoya-Lucero, Security Captain Hector Cardenas, Unit Manager Vince Vigil, and New Mexico Corrections Department Classification Bureau Chief Colleen McCarney failed to protect him against violence by other inmates in violation of his Eighth Amendment rights. *See Doc. 11* at 2-14; *see also Doc. 25* at 6. Plaintiff further alleges that Unit Manager Vigil retaliated against him in violation of the First Amendment after Plaintiff filed the present lawsuit. *See Docs. 16, 17*; *see also Doc. 25* at 4, 6.

    In addition to his claims for damages, Plaintiff sought a temporary restraining order as well as preliminary and permanent injunctive relief which would require

Defendants to transfer him into protective custody. *See Doc. 11* at 13-14. In order to address these claims, the Court ordered the Defendants to produce a limited *Martinez* Report. *Doc. 26*. Defendants filed their limited *Martinez* Report on January 22, 2016, and Plaintiff filed his Response on March 21, 2016. *See Docs. 46, 55.* In his Response, Plaintiff informed the Court that he was transferred to the Southern New Mexico Correctional Facility. *Doc. 55* at 10. Accordingly, Plaintiff's claims for injunctive relief were dismissed by presiding District Judge Herrera without prejudice to his damages claims. *Doc. 57*.

The Court must now address Plaintiff's damages claims. Under *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), this Court may order defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or a legal basis for determining whether a prisoner plaintiff has a meritorious claim. *See, e.g., Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987).

A *Martinez* Report may be used in a variety of contexts, including motion for summary judgment or *sua sponte* entry of summary judgment.  When a *Martinez* Report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

Wherefore,

**IT IS HEREBY ORDERED** that Defendants file a Supplemental *Martinez* Report in accordance with the instructions below:

1. Defendants' comprehensive *Martinez* Report shall address all of Plaintiff's allegations and should include, but is not limited to:

    whether documents or other records pertaining to the events exist; and whether prison policies or regulations address the situation;

2. If documents and records do exist, Defendants shall include copies of them as attachments to the *Martinez* Report. Based on prior experience, the Court feels constrained to request that the attachments be arranged in a logical order. Simply copying jumbled prison records will not suffice. The Court also requests that the attachments be Bates-stamped or otherwise be clearly serially marked;

3. Defendants must provide affidavits to properly authenticate submitted documents, and may also submit other affidavits in support of the *Martinez* Report;

4. The submission of documents alone shall not be considered in compliance with this Order. Defendants are expected to also prepare the "report" portion of the *Martinez* Report that discusses the claims and the submissions that relate to them;

5. The Court is aware that materials contained in corrections files may be sensitive and that there may be valid reasons for keeping such information secret. As such, Defendants may redact confidential portions of documents submitted with the *Martinez* Report and provide that version to Plaintiff. Alternatively, they may request that Plaintiff not be permitted to review certain portions of the *Martinez* Report and its attachments. If so, Defendants must make their objections to the Court fourteen (14) days prior to the *Martinez* Report filing and service date below. The entire *Martinez* Report must be submitted along with the objections, both under seal, to the Court for ruling;

6. Given the detail required above, the Court will give ample time for the Defendants to accomplish this task. Defendants shall file and serve their *Martinez* Report no later than December 7, 2016;

7. Plaintiff shall file his response to the *Martinez* Report no later than January 23, 2017; and

8. Defendants shall file and serve their reply, if any, no later than February 23, 2017.

> **THE PARTIES ARE HEREBY GIVEN NOTICE** that the *Martinez* Report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or <u>*sua sponte*</u>; as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims. See *Hall,* 935 F.2d 1106.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE