IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENE G. ELLIS,

    Plaintiff,

v.                                                                          CIV 15-0848 JCH/KBM

GERMAN FRANCO, VINCE VIGIL,
ALISHA TAFOYA-LUCERO, COLLEEN
MCCARNEY and HECTOR CARDENAS,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's Motion to Amend the Complaint. *Doc. 68*, filed December 19, 2016. District Judge Judith Herrera referred this matter to me on September 29, 2015, for a recommended disposition. *Doc. 6*. Having considered the parties' submissions and the relevant law, the Court recommends that Plaintiff's Motion to Amend be denied.

**I. Background**

Plaintiff, a prisoner proceeding *pro se*, filed this action because he received threats from other inmates due to the nature of his criminal convictions after being transferred to the Penitentiary of New Mexico ("PNM").[1] *See Doc. 1* at 4-5. Plaintiff later clarified that he has also received threats because of a debt owed by his brother, who is likewise an inmate in the custody of the New Mexico Corrections Department. *See Doc.*

---

[1] Plaintiff's Amended Complaint states that "on or about June 20, 2013, [he] was convicted of 1 count of kidnapping in the 1st degree, 4 counts of criminal sexual penetration in the 2nd degree, 1 count of criminal sexual contact of a minor in the 2nd degree, aggravated assault with a deadly weapon in the 4th degree, aggravated burglary in the 2nd degree, and bribery of a witness in the 3rd degree. He was sentenced to 43 years in the custody of the New Mexico Corrections Department." *Doc. 11* at ¶ 9.

*11* at 4-5. Due to these threats, Plaintiff claims that he was forced to refuse showers and recreation "because attending these functions require being placed among the inmates who are threatening [him]." *Doc. 1* at 2; *see also Doc. 34* at 1 (noting that a fellow inmate told Plaintiff that "if he did not stay in his cell he would be assaulted.").

Thus, Plaintiff's amended and supplemented Civil Rights Complaint alleges that PNM Warden German Franco, Deputy Warden Alisha Tafoya-Lucero, Security Captain Hector Cardenas, Unit Manager Vince Vigil, and New Mexico Corrections Department Classification Bureau Chief Colleen McCarney violated his Eighth Amendment rights by refusing to transfer him out of PNM's general population. *See Docs. 1, 11, 25*. Plaintiff further alleges that Unit Manager Vigil retaliated against him in violation of the First Amendment after Plaintiff filed the present lawsuit. *See Docs. 16* & *17*; *see also Doc. 25* at 4, 6.

Plaintiff's original Civil Rights Complaint was filed on September 23, 2015. *Doc. 1*. Over the course of this litigation, Plaintiff has amended and supplemented his Complaint on numerous occasions. *See Docs. 1, 7, 11, 16, 17, 19, 20, 21, 34, 37, 44*. Plaintiff's most recent supplementation was filed January 21, 2016, approximately eleven months prior to the instant motion. *Doc. 44*.

Plaintiff now seeks to further amend his Complaint to name four additional defendants, add additional claims, and alter the relief he initially requested. *See Doc. 68*. The proposed Defendants are Corrections Officers Sammy Oroz and Carlos Sutton, Director of Adult Prisons Jerry Roark, and Former Statewide Grievance/Disciplinary Manager Larry Phillips. *See id.* at 2-3. The additional claims pertain to an alleged assault Plaintiff suffered at the hands of Corrections Officers Oroz and Sutton on or

about June 23, 2015, as well as statements asserting that Messrs. Roark and Phillips "had the opportunity to properly address Plaintiff's concerns and ensure his safety but failed to do so." *Id.* at 3. In terms of the relief he requests, Plaintiff seeks $27,000.00 each from Officers Oroz and Sutton, $15,000.00 each from the original Defendants as well as Messrs. Roark and Phillips, $100,000.00 for "mental and emotional trauma suffered at the hands of all Defendants collectively," $250,000.00 each from Defendants Vigil, Cardenas and Franco "for their deliberate indifference towards Plaintiff's safety," and, finally, punitive damages in the amount of $1,000,000.00 "for forced solitary confinement, retaliation for asserting [his] 1st Amendment right and conditions of confinement from all Defendants collectively." *Id.* at 4.

## II. Standard of Review

At this stage in litigation, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As stated in the Rule, "[t]he Court should freely give leave when justice so requires." *Id.* Thus, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Ali v. Dinwiddie*, 291 F. App'x 164, 166 (10th Cir. 2008) (unpublished) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993)).

## III. Analysis

Defendants oppose Plaintiff's Motion and contend that leave to amend should be denied on the grounds of undue delay, undue prejudice and futility. *See Doc. 70* at 2. The Court addresses each in turn.

**A) Undue Delay**

"It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, . . . especially when the party filing the motion has no adequate explanation for the delay." *Frank*, 3 F.3d at 1365 (citations omitted). "Furthermore where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* (quoted authority and internal alterations omitted).

As to the alleged assault by Correctional Officers Sutton and Oroz, Plaintiff says that when he filed the Amended Complaint, he was unaware he could sue these two individuals and that he is seeking to add evidence of which he was unaware at the time that the original complaint was filed. *Doc. 68* at 1. In support, Plaintiff's proposed "addendum to facts" cites pages 35-69 of Defendants' Limited *Martinez* Report. *Id.* at 3.

The Court finds that Plaintiff was aware of the facts upon which the proposed amendment is based as to officers Sutton and Oroz. In his Amended Complaint, filed October 15, 2015, Plaintiff references an incident on or about June 23, 2015, wherein he "suffered a personal injury at the hands of 2 officers of the New Mexico Corrections Department during a mental breakdown which resulted in his receiving 3 sutures to his lower lip." *Doc. 11* at 6, ¶ 25. While Plaintiff does not identify Officers Sutton or Oroz by name, the documents in the Limited *Martinez* Report that Plaintiff refers to make clear that he knew their identities at the time of the alleged assault. *See Doc. 46-3* at 5, 9-10. Thus, as Defendants argue, "Correctional Officers Sutton and Oroz were certainly known to Plaintiff as the persons who restrained him during the incident of June 23,

4

2015[.]" *Doc. 70* at 3. Therefore, because Plaintiff offers no adequate reason for the delay in alleging a claim against Officers Sutton and Oroz, the Court finds that the delay is unjustified.

Plaintiff also fails to explain why the Court should excuse his delay in naming Messrs. Roark and Phillips as Defendants. *See Docs. 68, 75.* Plaintiff's proposed addendum as to these individuals asserts that they failed to take actions to adequately address his safety concerns on November 20, 2015, and December 10, 2015, respectively. *Doc. 68* at 3. In support of these allegations Plaintiff cites to two documents he filed in this case. *Id.* The first is a notice that his grievance was denied by Mr. Roark, which Plaintiff filed on the docket on December 10, 2015. *See Doc. 29.* The second is correspondence from Mr. Phillips advising Plaintiff to follow Corrections Department grievance procedures, which Plaintiff filed on the docket on January 21, 2016. *See Doc. 45* at 7-8. Neither of these filings indicated that Plaintiff intended to pursue claims against these individuals, and the Court again finds undue delay.

Finally, Plaintiff provides no explanation as to why he delayed in amending his claims for damages. Plaintiff originally claimed "compensatory damages in the amount of $10,000.00 against Defendants Deputy Warden Alisha Tafoya-Lucero and Unit Manager Vince Vigil severally and jointly" and "punitive damages in the amount of $5,000.00 against each Defendant." *Doc. 11* at 14. Why Plaintiff's demands have substantially increased at this stage is beyond the purview of this decision; the salient point is that Plaintiff offers no explanation as to why he did not seek to amend his damages claims at an earlier date. *See Matson v. Hrabe*, 612 F. App'x 926, 929 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 911 (2016); *Williams v. Wilkinson*, 645 F. App'x 692,

709 (10th Cir. 2016) ("Mr. Williams has identified no adequate explanation for the delay here. We therefore hold the district court did not abuse its discretion in denying the motion to amend under these circumstances.").

### B) Undue Prejudice

"The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

> In order to reach a decision on whether prejudice will occur that should preclude granting an amendment, the court will consider the position of both parties and the effect the request will have on them. This entails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted.
>
> For example, if the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial.

6 Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2016) (footnotes omitted). "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint "a moving target[.]" *Minter*, 451 F.3d at 1206 (citation omitted).

Plaintiff's proposed amendment as to Defendants Sutton and Oroz constitutes an entirely different claim than those that have been pending before the Court since Plaintiff's last amendment. *Compare Benefield v. McDowall*, 241 F.3d 1267, 1270 (10th Cir. 2001) (discussing Eighth Amendment claims for failure to protect); *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (describing First Amendment retaliation claims in the prison context), *with Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (discussing inmate excessive force claims). Thus, Plaintiff's proposed amendment as to Corrections

Officers Sutton and Oroz "substantially changes the theory on which the case has been proceeding." 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2016).

While the same cannot be said of Plaintiff's proposed claims against Messrs. Roark and Phillips, the fact remains that Plaintiff knew of these individuals, and their alleged inaction, long before filing his present motion to amend. And, as Defendants rightly point out, they "were already in the midst of preparing [their] supplemental *Martinez* Report" when Plaintiff filed the present motion. *Doc. 70* at 5. Plaintiff offers no adequate reason for his delay in naming Roark and Phillips, and the Court finds that requiring Defendants to respond to his additional allegations against them is unduly prejudicial. *See Whitington v. Ortiz*, 307 F. App'x 179, 196 (10th Cir. 2009) (unpublished) (affirming denial of a prisoner's motion to amend because "each amendment with its additional allegations and circumstances forces the defendants to reevaluate and correlate their responses and defenses.").

### C) Futility

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (citation omitted). "The Prison Litigation Reform Act requires that a prisoner exhaust his administrative remedies before bringing a lawsuit for the violation of his federally protected rights." *Hunsaker v. Alexander*, 520 F. App'x 717, 719 (10th Cir. 2013) (unpublished) (citing 42 U.S.C. § 1997e(a)). Denial of a prisoner's motion to amend as futile is warranted where the amended complaint "would be doomed for lack of exhaustion." *Hunsaker*, 520 F. App'x at 719.

7

Defendants assert that Plaintiff's proposed amendments would be futile because he has not exhausted any of the claims he seeks to raise. In support, Defendants cite to the Supplemental *Martinez* Report. *See Doc. 69* at 19. Attached to the Supplemental *Martinez* Report is Plaintiff's grievance history. *See Docs. 69-73, 69-74, 69-75, 69-76*. As Defendants allege, nowhere in Plaintiff's grievance history is there any evidence that he has exhausted his administrative remedies as to the claims he wishes to bring against Officers Sutton and Oroz or Messrs. Roark and Phillips. *See id.* Accordingly, Plaintiff's proposed amendment should be denied as futile because he failed to exhaust his administrative remedies.

**IV. Conclusion**

Plaintiff's proposed amendments are untimely without excuse, prejudicial to the Defendants, who have already filed their *Martinez* Report addressing his original claims, and futile for failure to exhaust.

Wherefore, IT IS HEREBY RECOMMENDED that the Court deny Plaintiff's Motion to Amend (*Doc. 68*).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE