IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENE G. ELLIS,

       Plaintiff,

v.                                     CIV 15-848 JCH/KBM

GERMAN FRANCO, VINCE VIGIL,
ALISHA TAFOYA-LUCERO, COLLEEN
MCCARNEY and HECTOR CARDENAS,

       Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the Proposed Findings and Recommended Disposition (PF&RD) by Chief Magistrate Judge Karen B. Molzen (*Doc. 76*), filed on February 6, 2017, and Plaintiff's Objections to the Proposed Findings and Recommended Disposition (*Doc. 77*), filed on February 23, 2017. The Court, having conducted a *de novo* review, overrules Plaintiff's objections and adopts the recommendation of the Chief Magistrate Judge. Plaintiff's Motion to Amend the Complaint (*Doc. 68*), filed December 19, 2016, will be denied.

**I. Standard of Review**

"Under Federal Rule of Civil Procedure 72(a), when a party objects to a magistrate[ judge's] ruling on non-dispositive matters the district court must 'modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015). On the other hand, "[i]f the district court refers dispositive matters to a magistrate judge for a report and recommendation . . . the district court 'must determine de novo any part of the

magistrate judge's disposition that has been properly objected to." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)). "[T]he difference between a *de novo* review of a record and a review under the clearly erroneous standard is significant." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). Under *de novo* review, "[t]he district judge is free to follow a magistrate's recommendation or wholly to ignore it" whereas "[t]he clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoted authority omitted).

"Notwithstanding Rule 72's clear division between dispositive and non-dispositive matters, [the Tenth Circuit has] held that 'motions not designated on their face as dispositive are nevertheless to be treated as such a motion when they have an identical effect.'" *Birch*, 812 F.3d at 1246 (quoting *Ocelot Oil Corp.*, 847 F.2d at 1462). The Tenth Circuit has not decided in a published opinion whether a motion to amend the complaint is dispositive and declined to do so in *Birch*. *Id.* at 1247. One district court considering the issue ruled that portions of a motion to amend seeking to add parties was dispositive while an amendment to claimed damages was not. *See Nitchman v. Union Pacific R. Co., Inc.*, 05-cv-01219-EWN-MEH, 2006 WL 2781416, at *2 (D. Colo. Sept. 26, 2006). On the other hand, the Tenth Circuit has generally treated motions to amend as non-dispositive in its unpublished opinions. *See Lewis v. Clark*, 663 F. App'x 697, 702 (10th Cir. 2016) (unpublished); *Franke v. ARUP Laboratories, Inc.*, 390 F. App'x 822, 828 (10th Cir. 2010) (unpublished); *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (unpublished). And other Circuits have explicitly held that motions to amend are

not dispositive. *See Patel v. Meridian Health Sys., Inc.*, No. 15-3859, 2016 WL 6694545, at *2 (3d Cir. Nov. 15, 2016) (unpublished) (citations omitted).

Given these authorities, the Court is initially inclined to view Plaintiff's Motion to Amend as nondispositive, meaning that the clearly erroneous standard applies. However, out of an abundance of caution the Court will proceed under the *de novo* standard, as either standard leads to the same result.

## II. Background

Plaintiff initiated this case on September 23, 2015. *Doc. 1*. Thereafter, he amended and supplemented his Civil Rights Complaint no less than eleven times, with the most recent supplementation filed January 21, 2016. *See Docs. 1, 7, 11, 16, 17, 19, 20, 21, 24, 34, 37, 44, 45*. In his Complaint and supplements, Plaintiff generally alleges that Defendants violated his Eighth Amendment rights by refusing to transfer him out of the Penitentiary of New Mexico's general population, where he claims he is subject to assault due to his sex offender status. *See Docs. 1, 11, 25*. Plaintiff further alleges that Defendant Vigil retaliated against him in violation of the First Amendment after the present lawsuit was filed. *See Docs. 16, 17, 25*.

After this Court addressed Plaintiff's claims for emergency relief, on September 8, 2016, the Chief Magistrate Judge ordered the Defendants to file a supplemental report pursuant to *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), to investigate the incidents underlying Plaintiff's lawsuit. *Doc. 62*. Defendants' *Martinez* Report was originally due on December 7, 2016, but they were granted a brief extension to December 30, 2016. *See Docs. 62, 66*. In the interim, on December 19, 2016, Plaintiff filed the present motion seeking to further amend his Complaint. *Doc. 68*.

In his Motion, Plaintiff requests leave to amend his Complaint to name four additional Defendants, add additional claims against two of these individuals, and substantially increase his claims for compensatory and punitive damages. *See Doc. 68.*

### III. <u>Analysis</u>

As the Chief Magistrate Judge recognized, at this stage in litigation a party must seek leave of the court to amend his complaint. Fed. R. Civ. P. 15(a)(2). While the Court "should freely give leave [to amend] when justice so requires[,]" *id.*, refusing leave to amend is justified upon a showing of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010) (quotation omitted). The Chief Magistrate Judge recommended denying Plaintiff's Motion to Amend on the grounds of undue delay, undue prejudice, and futility of the amendment. *Doc.* 76 at 4-8. The Court will address each in turn.

### A) Undue Delay

As the Chief Magistrate Judge noted, "'undue delay' may be an appropriate justification for denying a motion to amend." *Cohen*, 621 F.3d at 1313 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This is especially true where "the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted). "Furthermore, where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* at 1366 (quoted authority omitted).

4

The Chief Magistrate Judge found that Plaintiff's delay in seeking leave to amend was undue because his proposed amendment was filed eleven months after his most recent supplementation, without explanation for the delay, and alleges facts and claims that were known to Plaintiff since this case's inception. *Doc. 76* at 4-5. Plaintiff's objections to the PF&RD do not explain why he delayed in seeking leave to amend. *See Doc. 77*. In fact, as to Plaintiff's proposed claim against Officers Sutton and Oroz, Plaintiff admits in his objections that he was aware of the identities of the officers at the time they allegedly assaulted him. *Id.* at 1. Plaintiff also does not dispute that he was aware of the identities of Messrs. Roark and Phillips at the time of his most recent supplementation. *See id.* at 3. Nor does Plaintiff explain why he delayed in amending his claims for damages. *See id.* at 2.

Plaintiff's only excuse for his delay appears to be that he "is not trained in the law." *Id.* at 1, 2. But this is not an adequate excuse, as *pro se* parties must comply with the same procedural rules that govern all other litigants. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994)); *see also Birbari v. United States*, 485 F. App'x 910, 913 (10th Cir. 2012) (unpublished) ("Mr. Vicens's 'pro se status does not excuse him from the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure,' including Rule 56.") (quoting *Ogden*, 32 F.3d at 455). Therefore, because the Court finds that Plaintiff unduly delayed in seeking leave to further amend his complaint, Plaintiff's objections in this regard are overruled.

**B) Undue Prejudice**

The Chief Magistrate Judge alternatively found that the current Defendants would be unduly prejudiced by Plaintiff's proposed amendment because it seeks to raise an entirely different claim than those that have been pending before the Court since Plaintiff's last amendment, and because it was filed while Defendants were in the midst of preparing their supplemental *Martinez* Report. *Doc. 76* at 6-7. Plaintiff's objection to this finding is that Defendants will not be unduly prejudiced because "[t]he information concerning Officers Sutton and Oroz as well as Messrs. Roark and Phillips was already submitted in prior pleadings, thus Defendants had sufficient notice of the parties and the allegations. Mr. Ellis merely requests to formalize the allegations." *Doc. 77* at 3.

The Court overrules Plaintiff's objection and "finds that allowing the proposed amendment at this stage of the litigation will prejudice Defendants." *Hale v. Geo Grp., Inc.*, CIV 11-0128 RB/SMV, 2012 WL 12905818, at *7 (D.N.M. Sept. 28, 2012). As in *Hale*, "Plaintiff's new [excessive force] claim against [Sutton and Oroz] could have been raised much earlier in the litigation, enabling Defendants to address that claim in the initial *Martinez* report and thereby preserving both the Defendants' and the Court's resources." *Id.* So too, Plaintiff's claims against Messrs. Roark and Phillips could have been raised as early as November 20, 2015, and December 10, 2015, when Plaintiff filed letters from these individuals on the docket. *See Docs. 29, 45.* Under these circumstances, the Court finds that Plaintiff's proposed amendments would prejudice Defendants.

### C) Futility

The Chief Magistrate Judge finally recommended that Plaintiff's Motion be denied because the claims he seeks to raise "would be doomed for lack of exhaustion." *Doc. 76* at 7 (quoting *Hunsaker v. Alexander*, 520 F. App'x 717, 719 (10th Cir. 2013) (unpublished)). "The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires that a prisoner exhaust administrative remedies before filing a federal-law action with respect to prison conditions." *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "Thus, '[e]ven where the 'available' remedies would appear to be futile ... the prisoner must exhaust the administrative remedies available.'" *Allen v. 1998 Chief Med. Officer*, 211 F. App'x 791, 793 (10th Cir. 2007) (unpublished) (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)). Moreover, "[e]xhaustion requires *proper* completion of the grievance process." *Thompson v. Coulter*, No. 16-4042, 2017 WL 765766, at *2 (10th Cir. Feb. 28, 2017) (citing *Jernigan*, 304 F.3d at 1032).

Plaintiff's objections concede that he did not file grievances as to any of the additional claims he seeks to raise. *See Doc. 77* at 4. Plaintiff argues, however, that "[e]xaustion is not required when the administrative remedies are interfered with or are unavailable." *Doc. 77* at 4. Plaintiff explains that he was facing a disciplinary action concerning his claims against Officers Sutton and Oroz and so he was not permitted to file a grievance. *Id.* Plaintiff further explains that, as to Roark and Phillips, "their

responses are the last part of the grievance and appeal process, thus no more remedies were available and so exhaustion is not an issue." *Id.*

While it is true that "an administrative remedy is not 'available' under the PLRA if prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of the administrative remedy," *Hunsaker*, 520 F. App'x at 719 (quoting *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011)), Plaintiff has not asserted that he was prevented from filing grievances for the new claims he seeks to raise in this case. Accordingly, the Court agrees with the Chief Magistrate Judge that Plaintiff's proposed amendments should be denied as futile for lack of exhaustion.

## IV. Conclusion

Having considered Plaintiff's objections and having conducted a *de novo* review, as it must, the Court agrees with the Chief Magistrate Judge that "Plaintiff's proposed amendments are untimely without excuse, prejudicial to the Defendants, who have already filed their *Martinez* Report addressing his original claims, and futile for failure to exhaust." *Doc. 76* at 8.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections to the Proposed Findings and Recommended Disposition (*Doc. 77*) are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that the Chief Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 76*) is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Complaint (*Doc. 68*) is hereby **DENIED**.

_____
UNITED STATES DISTRICT JUDGE