# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GENE G. ELLIS,

    Plaintiff,

vs.                                      No. CV 15-848 JCH/KBM

GERMAN FRANCO, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

THIS MATTER is before the Court on the Plaintiff, Gene G. Ellis's Motion for a Temporary Restraining Order filed April 3, 2017. (Doc. 82). The Court denies Plaintiff's Motion on the grounds that Plaintiff has failed to make the showing required by Fed. R. Civ. P. 65(b) for issuance of a temporary restraining order.

Plaintiff filed his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on September 22, 2015. (Doc. 1). Plaintiff subsequently sought leave to amend his Complaint to add parties and modify his claims, which was granted by the Court on December 8, 2015. (Doc. 11, 25). Plaintiff sought to amend his Complaint a second time to join additional defendants. The Magistrate Judge, the Honorable Karen M. Molzen, issued Proposed Findings and a Recommended Decision, recommending that the second motion to amend be denied. (Doc. 76). That request to amend was then denied on March 8, 2017 in the Court's Order adopting the Magistrate Judge's recommended decision. (Doc. 78). Plaintiff's Amended Complaint (Doc. 11 at 2-40) together with his original Complaint (Doc. 1) form the operative complaint for purposes of this case. (Doc. 25 at 3).

Plaintiff's Amended Complaint alleges that Penitentiary of New Mexico ("PNM") Warden German Franco, Deputy Warden Alisha Tafoya-Lucero, Unit Manager Vince Vigil, Captain Hector Cardenas, and Classification Bureau Chief Colleen McCarney failed to protect him against violence by other inmates and provide him with safe housing at PNM in violation of his Eighth and Fourteenth Amendment rights. (Doc. 11 at 2-4). In his Amended Complaint, Plaintiff sought an emergency preliminary injunction, a permanent injunction, and an emergency temporary restraining order. (Doc. 11 at 13, ¶ 65- 14, ¶ 67). Plaintiff also filed multiple motions for temporary and preliminary restraining orders and injunctive relief. (Doc. 3, 4, 14, 15, 22, 47, 48, and 49). In a Memorandum Opinion and Order, the Court dismissed Plaintiff's injunctive relief claims for failure to state a claim for relief and denied the multiple motions for temporary restraining orders and preliminary injunctions as moot. (Doc. 57).

On April 3, 2017, Plaintiff filed his ninth Motion for a Temporary Restraining Order. In his motion, Plaintiff asks the Court to issue a temporary restraining order ("TRO") "stopping Defendant Colleen McCarney, Classification Bureau Chief, from approving Plaintiff to be transferred to a level 4 facility and placing him in harms way." (Doc. 82). Rule 65(b) of the Federal Rules of Civil Procedure addresses the requirements for a TRO. Rule 65(b) provides:

> "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

The Tenth Circuit has adopted four elements for the Court to consider in deciding whether to grant a TRO under Rule 65(b). Those four elements are: (1) a showing that the movant will suffer immediate and irreparable injury unless the injunction issues; (2) proof that the threatened

injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (3) a substantial likelihood that the movant will eventually prevail on the merits: and (4) a showing that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir. 1980).

Plaintiff is proceeding pro se in this matter and the Court must liberally construe his filings. *Gillihan v. Shillinger,* 872 F.2d 935, 938 (10th Cir. 1989). However, the Court may not assume the role of advocate for the pro se party and need not accept unsupported conclusory allegations. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A TRO is an extraordinary remedy and, therefore, a movant's right to relief must be clear and unequivocal. *Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social & Rehabilitation Servs.,* 31 F.3d 1536, 1543 (10th Cir. 1994).

For issuance of a TRO, Rule 65 requires a factual showing of both immediate and irreparable injury, loss, or damage made by way of an affidavit or verified complaint. Fed.R.Civ.P. 65(b)(1)(A). Plaintiff's current request for a TRO is not sworn or supported by an affidavit or verified complaint as required by Rule 65(b)(1)(A).[1] Although Plaintiff's motion contains conclusory allegations of irreparable harm, it contains no real factual support for those allegations. Further, the motion does not allege any danger of immediate injury. Instead, the motion speculates that Plaintiff "could very well be placed in a very dangerous situation and can get hurt." (Doc. 82). Absent a clear and unequivocal factual showing that Plaintiff will suffer immediate and irreparable injury, Plaintiff's motion is insufficient to support issuance of a TRO by the Court. *Lundgrin,* 619 F.2d at 63; *Kansas Health Care Ass'n,* 31 F.3d at 1543. Because Plaintiff has not made the threshold factual showing of immediate and irreparable harm, the

---

[1] Plaintiff's Complaint is signed under penalty of perjury, but does not contain factual allegations of immediate and irreparable injury supporting his current request for a TRO.

Court will not reach the remaining rule 65(b) elements and will deny Plaintiff's motion without prejudice to any future request for a TRO or injunctive relief made on a proper factual showing.

IT IS ORDERED that Plaintiff's Motion for a Temporary Restraining Order (Doc. 82) is DENIED.

_____
UNITED STATES DISTRICT JUDGE