IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENE G. ELLIS,

        Plaintiff,

v.                                                CIV 15-848 JCH/KBM

GERMAN FRANCO, VINCE VIGIL,
ALISHA TAFOYA-LUCERO,
COLLEEN MCCARNEY and
HECTOR CARDENAS,

        Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on the Proposed Findings and Recommended Disposition (PF&RD) by Chief Magistrate Judge Karen B. Molzen (*Doc. 94*), filed on July 12, 2017, and Plaintiff's Objections to the Proposed Findings and Recommended Disposition (*Doc. 95*), filed on July 27, 2017. The Court, having conducted a *de novo* review, overrules Plaintiff's objections and adopts the recommendation of the Chief Magistrate Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may designate a magistrate judge to submit proposed findings of facts and recommendations for the disposition of any case pending before the Court. Where a party timely objects to the magistrate judge's proposed disposition, this Court conducts a de novo review of all portions of the recommendation which have been objected to and "may accept, reject, or modify, in whole or in part, the findings or recommendations." *See* 28 U.S.C. § 636(b)(1)(C). *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PF&RD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir.

1996). Following a *de novo* review of the record, the Court finds that Plaintiff's objections are without merit.

Plaintiff's objections are, for the most part, restatements of the arguments that he previously made in his Response to Defendants' Supplemental *Martinez* Report (*Doc. 89*). For instance, Plaintiff argues that "FORCING THE PLAINTIFF TO REFUSE SHOWERS AND RECREATION SO AS TO AVOID ASSAULT AT THE HANDS OF OTHER INMATES, MUCH LESS FORCING HIM TO FACE THE THREAT OF SERIOUS HARM SUFFICIENTLY FULFILLS THE OBJECTIVE COMPONENTS THAT THIS COURT HAS OUTLINED IN ITS FINDINGS." *Doc. 95* at 2.

However, as Judge Molzen found, there is no evidence that any of the Defendants "forced" Plaintiff to face a threat of serious harm, *see Doc. 94* at 14, and Plaintiff's status as a sex offender is not, by itself, sufficient to meet the objective prong of the Eighth Amendment. *See id.* at 14-15 (citing *Riddle v. Mondragon*, 83 F.3d 1197 (10th Cir. 1996)). As the *Riddle* Court recognized, "plaintiff's allegations must furnish more than a conclusory claim of being afraid and aggravated." *Riddle*, 83 F.3d at 1205. To the extent that Plaintiff deems *Riddle* wrongly decided, *see Doc. 95* at 2 ("IF AN INMATE[']S STATUS AS A SEX OFFENDER IS NOT SUFFICIENT TO PUT PRISON OFFICIALS ON NOTICE OF AN OBJECTIVE RISK OF HARM, WHY IS IT THAT SEX OFFENDERS ARE BEING SEPARATED FROM THE GENERAL POPULATION OF INMATES. . . . INMATES HAVE LOST THEIR LIVES BECAUSE OF THE 'SEX OFFENDER' STIGMA!"), his recourse is to appeal this decision to the Tenth Circuit Court of Appeals.

Plaintiff also objects to the PF&RD on the basis that that he could have fared better in presenting his case with the assistance of counsel. *See Doc. 95* at 1. However, there is no right to counsel in a civil case, *see Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003), and this Court has already ruled that Plaintiff is not entitled to counsel here. *See Doc. 63*;

*see also Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). Moreover, Plaintiff has received the benefit of liberal construction that is afforded to all pro se litigants.

Finally, Plaintiff cursorily objects that he was not provided with the opportunity to conduct discovery before the dismissal of his claims. Specifically, Plaintiff states that he "HAS NO MEANS TO OBTAIN EVIDENCE WITHOUT THE INTERROGATORIES THAT COME WITH THE DISCOVERY STAGE OF THE PROCEEDINGS. HE COULD ALSO REQUEST THAT DEFENDANTS PARTAKE IN POLYGRAPH EXAMINATIONS." *Doc. 95* at 3. The Tenth Circuit very recently cautioned that a prisoner should be permitted to pursue discovery where it is reasonable and requested. *Rachel*, 820 F.3d at 394. To this end, Judge Molzen noted in her Order requiring the Defendants to file a supplemental *Martinez* Report that "when a *Martinez* Report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report." *Doc. 62* at 5 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)). Accordingly, she provided Plaintiff with nearly two months to respond to the Supplemental *Martinez* Report. *Id.* Despite this opportunity, Plaintiff's Response to the Report did not identify any disputed issues of fact, assert that the report was missing material information, or request discovery; instead, Plaintiff focused on the legal merits of his claims. *See generally Doc. 89.* In this regard, *Rachel* is distinguishable. *See* 820 F.3d at 395 ("Mr. Rachel argued that this report was missing material medical records and policies addressing medical treatment, and the defendants conceded that the report did not include all of the requested discovery."). Moreover, the Court finds Plaintiff's newly requested discovery to be too vague to invoke Rule 56(d)(2) (formerly Rule 56(f)), which permits extensions of time to complete discovery where facts are unavailable to the nonmovant, and, in any event, too late to invoke its protections. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Mr. Abdulhaseeb failed to invoke Rule 56(f) before the magistrate judge, instead filing his motion in the district court after the magistrate judge's report and recommendation was filed. Thus, he waived his Rule 56(f) issues.").

3

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

(1) Plaintiff's Objections to the Proposed Findings and Recommended Disposition (*Doc. 95*) are **OVERRULED**;

(2) Chief Magistrate Judge Molzen's Proposed Findings and Recommended Disposition (*Doc. 94*) is **ADOPTED**;

(3) Plaintiff's Motions to Supplement and Amend the Complaint (*Docs. 83, 85, & 87*) are **DENIED**; and,

(4) this action is **DISMISSED WITH PREJUDICE**, and a final order will be entered concurrently herewith.

_____
UNITED STATES DISTRICT JUDGE